IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TERESA MILLS and CLINTON MILLS**,
**individually and as parents and guardians**
**of C.M.**,

      **Plaintiffs,**

v.                                                  Case No.:  3:22-cv-00592

**CABELL COUNTY BOARD OF EDUCATION**,
**JONNA DAVIS, MICKEY COPLEY,**
**TIFFANY BLACK, NATALIE MASTRANGELO,**
**and JOHN BAKER,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Compel Plaintiffs' Supplemental Rule 26(a)(2) Disclosures. (ECF No. 194). Plaintiffs have filed a response in opposition to the Motion, and Defendants have replied. (ECF Nos. 198, 200). Oral argument will not assist in the resolution of this Motion. For the reasons that follow, the Court **GRANTS** the Motion. Plaintiffs are **ORDERED** to supplement their disclosures within **fourteen (14) days** of the date of this Order as set forth herein.

**I.**    **Relevant History**

Defendants complain that Plaintiffs filed disclosures under Fed. R. Civ. P. 26(a)(2)(C), which identified as non-retained experts sixteen individuals who are service or medical providers of Plaintiffs. Defendants acknowledge that Plaintiffs are not required to supply written reports from most of these non-retained experts, but emphasize that Plaintiffs are required by Rule 26(a)(2)(C) to provide a summary of the facts and opinions

1

about which the experts are expected to testify. According to Defendants, the disclosures are woefully inadequate as to twelve of the non-retained experts and, despite repeated requests for more information, Plaintiffs have refused to supplement their disclosures. Defendants further assert that the remaining four non-retained experts are expected to offer opinions beyond those permitted by a service or medical provider, thus placing them in the category of an expert required to supply a written report. Fed. R. Civ. P. 26(a)(2)(B).

In response, Plaintiffs contend that their disclosures satisfy Rule 26(a)(2)(C), which only requires summary disclosures. Moreover, Plaintiffs indicate that they have given Defendants a 22-page disclosure containing detailed opinions expected to be offered by the non-retained experts and argue that the four witnesses identified by Defendants as being mandated to provide a written report are treating physicians. Relying on *Mayo v. City of Huntington,* 3:21-cv-471, 2022 WL 1298742, at \*1-\*2 (S.D.W. Va. April 29, 2022), Plaintiffs note that treating physicians are considered "hybrid" witnesses who generally are not required to file a written report. Lastly, Plaintiffs argue that Defendants' Motion to Compel is untimely.

L. R. Civ. P. 37.1(c) very clearly states that motions to compel disclosures or discovery "not filed within 30 days after the discovery request or disclosure requirement was due are waived." The thirty-day deadline may be extended by the Court for good cause shown, so long as the extension does not interfere with the scheduling order. Here, Plaintiffs filed their Rule 26(a)(2) disclosures on **April 16, 2024**, as required by a stipulation between the parties and corresponding Order of the Court. (ECF Nos. 144, 145, 155). Defendants did not file their motion to compel until **June 12, 2024**, well after the thirty days had expired. Although Defendants contend that they had conversations with Plaintiffs about the insufficiency of their disclosures, both parties agree that the first

written explanation of the deficiencies was not provided by Defendants until May 22, 2024—also after expiration of the thirty-day deadline.

Defendants argue in their reply memorandum that, despite their procrastination in filing the motion to compel, the Court should still consider it because (1) they were extremely busy conducting discovery in the instant action and another case; (2) Plaintiffs refused to sign authorizations for the release of medical information, resulting in delayed receipt of the records; (3) they were forced to postpone the depositions of Mr. and Mrs. Mills twice due to delayed document production; (4) Plaintiffs agreed to supplement the disclosures, but did not do so; and (5) Defendants really need the requested information.

## II. Discussion

Courts generally apply the "good cause" standard set forth in Fed. R. Civ. P. 6(b)(1) when considering motions to extend the time in which a party must comply with an act required to be done within a specified time. *See, e.g.*, *Levy v. Green*, No. 8:18-CV-01291-TDC, 2024 WL 3090367, at *4 (D. Md. June 21, 2024) (noting that Rule 6(b)(1) "generally governs motions to extend time after court deadlines have run."); *Pickens v. Hendricks*, No. 1:21-CV-00030-MR, 2024 WL 645328, at *4 (W.D.N.C. Feb. 14, 2024). Rule 6(b)(1) contains two alternatives, depending on whether the motion to extend is addressed before the deadline expires or after its expiration. Fed. R. Civ. P. 6(b)(1)(A) and (B). In this case, Defendants never filed a motion to extend the thirty-day deadline to file a motion to compel. Rather, they contend that their motion to compel is timely given Plaintiffs' various transgressions during the discovery process; Defendants' repeated requests for documents; the many discussions between counsel; and Plaintiffs' agreement to supplement the disclosures.

Considering that Defendants' motion to compel was filed more than 50 days after

3

the disclosures were received, any implicit request for an extension of the motion to compel deadline clearly was made after expiration of the deadline. Therefore, Rule 6(b)(1)(B) applies. Rule 6(b)(1)(B) requires the party seeking an extension to show that it missed the deadline because of excusable neglect. Excusable neglect is determined using four factors: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). "No factor is dispositive, but inadvertence, ignorance of the rules, … mistakes construing the rules, a lack of diligence, or failure to provide a plausible explanation for the delay, typically do not satisfy the excusable neglect standard." *Soc. Enter., LLC v. S. Belle Organics, LLC*, No. 7:20-CV-166-FL, 2022 WL 4084414, at *3 (E.D.N.C. Sept. 6, 2022) (internal markings and citations omitted). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Applying the four factors, the undersigned finds excusable neglect for Defendants' failure to file the motion to compel within the requisite time frame. The undersigned reaches this conclusion largely based upon the lack of prejudice to Plaintiffs and the negligible impact on judicial proceedings given the amended scheduling order. (ECF No. 197). Dispositive motions are not due until September 20, and the trial date has been continued to December 10, 2024. It does not appear that Defendants acted in bad faith, although they are entirely responsible for the delay.

However, the most important reason for allowing the untimely Motion to Compel

is that Plaintiffs' disclosures are lacking. Allowing them to remain in their current posture exposes Plaintiffs to the potential of having the testimony of their non-retained experts severely limited or precluded under Fed. R. Civ. P. 37(c)(1). *See, e.g., Covington v. Syngenta Corp.,* 225 F. Supp.3d 384, 392 (D.S.C. 2016); *Pineda v. City and County of San Francisco,* 280 F.R.D. 517, 523 (N.D. Cal. Mar. 9, 2012). Thus, granting the motion benefits Plaintiffs rather than prejudicing them. Compelling complete disclosures is a way for this Court to ensure that the case is resolved on the merits, rather than on the discovery rules.[1]

Having said that, the contention of defense counsel that they were too busy to file the motion is entirely unavailing. The majority of lawyers are busy, and yet, they manage to complete their work on time, or promptly request extensions. During the relevant thirty-day period, Defendants filed multiple Notices of Deposition and a couple of stipulations giving them extensions, but days went by with little or no substantive activity in the case. Defendants' counsel is well aware of the thirty-day deadline and should have complied with it, or requested an extension prior to its expiration.

Furthermore, Plaintiffs' refusal to provide medical records authorizations and their purported sluggish response to records requests are unrelated to the sufficiency of the disclosures. The records were not identified in lieu of disclosures. To the contrary, Plaintiffs provided written disclosures without any specific citation to records. Defendants do not challenge the disclosures on the ground that they relied upon or incorporated records that were not produced. Instead, the challenge centers on the indeterminate language of the disclosures. Moreover, if Defendants believed that the

---

[1] As an aside, the proper procedure when filing a motion to compel is **to set forth verbatim**, or **to attach to the motion**, the disputed discovery responses or disclosures—not tell the Court to spend its time looking for them somewhere else in the record. L. R. Civ. P. 37.1(c).

requested records were not forthcoming on a timely basis, they could have filed additional motions to compel, or they could have subpoenaed the records directly from the providers.

Counsel in this case have fought over every aspect of discovery—no less than seven discovery motions have been filed herein. As recently pointed out by the presiding District Judge, the animosity between counsel has only grown over the past months. While this is truly unfortunate, it is the reality, and counsel acted at their own peril by accepting an undocumented agreement to supplement the disclosures. Counsel is admonished in the future to document any such agreements with a written stipulation properly filed with the Clerk. *See* L.R. Civ. P. 11.1.

Examining the disclosures, the Court finds that they provide enough information about the non-retained experts' area of expertise and provide a detailed summary of the subject matter which the witnesses will address. However, Rule 26(a)(2)(C) also requires the party offering the witness to provide "a summary of the facts and opinions to which the witness is expected to testify." Plaintiffs' disclosures do not contain that summary. *See Kazmierski v. Bonafide Safe & Lock, Inc.,* No. 15-C-0059, 2015 WL 10070324, at *2 (E.D. Wis. Dec. 11, 2015). As the Court in *Kazmierski* explains well, stating the general subject matter of a witness' testimony—for instance, "opinions will be offered about the physical and emotional effects of the Plaintiff's health conditions"—does not provide *facts or opinions*. The Court added:

> A true summary of a treating physician's expected testimony would look something like this: "The witness is expected to opine that the plaintiff is unable to lift more than 50 pounds and will remain unable to do so for the indefinite future. This opinion is based on the following facts: the witness diagnosed the plaintiff with three herniated discs in his back, he observed during office visits that the plaintiff is experiencing symptoms that prevent him from lifting more than 50 pounds, and he observed during office visits

6

> that the plaintiff's condition is not improving." Contrary to the plaintiff's argument, requiring such a summary does not require a nonretained expert to provide the level of detail required for retained expert reports under Rule 26(a)(2)(B). The summary does not, for example, describe each of the plaintiff's office visits and identify all of the observations and tests that the physician performed before he diagnosed the plaintiff with his back condition, as would be required for a report of a retained expert. *See* Fed.R.Civ.P. 26(a)(1)(B)(i)–(ii) (report of retained expert must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them").

*Id.* The undersigned agrees with the distinctions made by the *Kazmierski* court. Applying that court's explanation to Plaintiffs' disclosures, they are plainly devoid of anticipated *facts and opinions. See, also, Grant v. Lowe's Home Centers, LLC,* No. 9:20-cv-00764-DCN, 2021 WL 5882005, at *7 (D.S.C. Apr. 8, 2021); *Marr v. Abercrombie & Fitch Stores, Inc.,* 2015 WL 3827326, at *4-*5 (E.D.N.C. Jun. 19, 2015) (collecting cases which hold that a summary of facts and opinions under Rule 26(a)(2)(C) is more than just a statement of general subject matter).

Accordingly, Plaintiffs must supplement their Rule 26(a)(2)(C) disclosures within fourteen days as ordered. With respect to Defendants' claim that four of the non-retained experts—who are Plaintiffs' medical providers—are required to provide reports, L. R. Civ. P. 26.1(b) makes clear that examining health care providers are not required to provide written reports under Rule 26(a)(2)(B) unless "the examination was for the sole purpose of providing expert testimony in the case." *See Adkins v. Ratliff,* No. 2:23-cv-00745, 2024 WL 3330612, at *2 (S.D.W. Va. Jul. 8, 2024). It does not appear that any of the four treating health care providers examined Plaintiffs solely for the purpose of providing expert testimony in this case. Consequently, they are not required to provide written reports. Plaintiffs may simply supplement their Rule 26(a)(2)(C) disclosures to provide a summary of the facts and opinions expected from these treaters.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 10, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge