## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**TERESA MILLS and CLINTON MILLS**,
**individually and as parents and guardians**
**of C.M.,**

      **Plaintiffs,**

**v.**                                **Case No.:  3:22-cv-00592**

**CABELL COUNTY BOARD OF EDUCATION**,
**JONNA DAVIS, MICKEY COPLEY,**
**TIFFANY BLACK, NATALIE MASTRANGELO,**
**and JOHN BAKER,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending is Plaintiffs' Motion to Compel discovery responses from Defendant Cabell County Board of Education ("CCBOE"). (ECF No. 199). For the following reasons, the Court **GRANTS**, in part, and **DENIES**, in part, Plaintiffs' motion.

## I.    Relevant Facts and Procedural History

On December 19, 2022, Plaintiffs filed the instant lawsuit, alleging that their son, C.M., who has Phelan-McDermid Syndrome, was abused and neglected while he attended HHS from August 22, 2022 through October 19, 2022. (ECF No. 1). As relevant to this motion, Plaintiffs assert under 42 U.S.C. § 1983 that CCBOE's failure to adequately train and supervise its special needs teachers and aides represents a custom of deliberate indifference. (*Id.* at 43). Plaintiffs contend that CCBOE has a pattern of mistreating special needs students because of their disabilities. (*Id.*).

On April 25, 2024, Plaintiffs served their fifth set of interrogatories and requests

for production of documents on CCBOE. (ECF No. 199 at 3). CCBOE objected to certain requests, the parties conferred regarding the dispute, and this motion to compel ensued. (*Id.*). The CCBOE responded to the motion to which Plaintiffs filed a reply. (ECF Nos. 202, 205).

## II.    <u>Relevant Law</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in this action.

It states, in relevant part:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). "Relevance is not, on its own, a high bar." *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022) (citation omitted). As stated in the rule, information "need not be admissible in evidence to be discoverable." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)). "Federal courts have long understood that relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Id.*

Even if seeking relevant information, the discovery request must be proportional

2

to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Ceresini*, 2022 WL 628520, at *3. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2023 WL 8629147, at *2 (S.D.W. Va. Dec. 13, 2023); *McEvoy v. Diversified Energy Co. Plc*, No. 5:22CV171, 2023 WL 6192769, at *1 (N.D.W. Va. May 15, 2023); *Fine v. Bowl Am., Inc.*, No. CV SAG-21-1967, 2023 WL 8479250, at *2 (D. Md. Dec. 7, 2023); *Perez v. Huneycutt*, No. 5:22-CV-00120-MR, 2023 WL 8813553, at *2 (W.D.N.C. Dec. 20, 2023); *Doe v. Mast*, No. 3:22CV00049, 2023 WL 8481049, at *2 (W.D. Va. Dec. 7, 2023); *United States v. White*, No. 2:23-CV-00001-BO, 2023 WL 8451744, at *7 (E.D.N.C. Dec. 6, 2023). As such, conclusory and unsubstantiated allegations are insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.*

## III.  <u>Discussion</u>

### A.  *Undisputed Discovery Requests*

In response to Plaintiffs' motion to compel, CCBOE agreed to supplement its

responses to six of the discovery requests at issue to the extent that it identifies responsive information. (ECF No. 202 at 1-2). As of the date of Plaintiffs' reply on July 19, 2024, CCBOE has not supplemented any information. Given that CCBOE does not oppose this portion of the motion to compel and the information sought appears relevant and proportional to the needs of the case, CCBOE is **ORDERED** to respond to Interrogatory Nos. 1 and 3 and Request for Production Nos. 1, 13, and 16 within **fourteen (14) days** of the date of this Order. To the extent that all responsive information has been provided, no further supplementation is required.

### B. Disputed Discovery Requests

#### 1. Interrogatory No. 2

The first contested discovery request at issue concerns requests to view video footage from school cameras, as follows:

> With respect to requests to view video over the past ten (10) years, please identify the number of parents, guardians, or custodians-by year-who made a request to view video from a C[C]BOE school/camera. For each instance, identify: (1) the date of the initial request; (2) whether or not the parent, guardian, or custodian-or someone else acting on their behalf or at their request was permitted to view any video; (3) where the parent, guardian, or custodian-or someone else acting on their behalf or at their request-was permitted to view the video, identify the date on which the individual viewed any video; (4) what the alleged "incident" was for which the parent, guardian, or custodian-or someone else acting on their behalf or at their request-requested or sought to view the video; (5) whether any CPS, DHR, law enforcement, or other state agency was notified of any alleged or suspected abuse, neglect, or violation of state law; and (6) whether the child had a disability.
>
> **Answer:** Objection. This Interrogatory is overly broad as it includes all students regardless of their enrollment in special education, unduly burdensome; seeks information which is neither relevant nor proportional to the needs of the case; and can only be intended as one that seeks the production of inadmissible 404(b) evidence; and/or information protected by FERPA.

(ECF No. 199-1 at 5).

Plaintiffs assert that the information sought is relevant to their claims that CCBOE has a pattern and practice of discriminating against students with disabilities, as well as Plaintiffs' claims of negligence, negligent supervision and training, and spoliation. (ECF No. 205 at 2-3). In response, CCBOE maintains that the request is overly broad, unduly burdensome, and seeks irrelevant and inadmissible information. (ECF No. 202 at 2). The Court notes that CCBOE has not offered any specific facts or explanation to indicate that it would impose an undue burden to respond to the interrogatory. Thus, it is not persuaded by this argument. Furthermore, evidence need not be admissible to be discoverable, and FERPA concerns can be alleviated by appropriate redaction.

The Court agrees that the information sought could be relevant to Plaintiffs' claims that C.M. was neglected and abused because of his disability. For instance, the information could show how CCBOE responded to incidents involving disabled as compared to non-disabled students, such as whether parents were allowed to view video, whether authorities were notified, and how long it took CCBOE to respond to the parents' requests to view video footage.

Yet, the request is overbroad in scope—encompassing all CCBOE schools and a 10-year time frame—considering the limited relevance the information has to Plaintiffs' claims. Plaintiffs allege that C.M. was neglected and abused by the named defendants while he was a student at HHS for a short time from August 22, 2022 through October 19, 2022. Although Plaintiffs claim that similar problems occur at all CCBOE schools, their causes of action primarily focus on the injuries that C.M. and his parents allegedly suffered. The facts and claims asserted herein do not justify a broad search of all schools over the course of a decade. Accordingly, the Court limits the scope of the interrogatory

to requests for video review made to HHS during the past five (5) years and **ORDERS** CCBOE to provide that information within **fourteen (14) days** of the date of this Order.

## 2. Request No. 10

> Produce all documents, including correspondence, that refer, mention, or otherwise relate to seclusion or secluding students for the past seven years. This request includes all documentation regarding any disciplinary action taken due to an employee, agent, or representative's seclusion of a student.

> **Response:** Objection, This Request is overly broad; unduly burdensome; seeks information which is neither relevant nor proportional to the needs of the case; and can only be intended as one that seeks the production of inadmissible 404(b) evidence; and/or information protected by FERPA. West Virginia law defines "seclusion" as a removal in which a student is left unsupervised in any space, and Plaintiffs do not claim that CM was left unsupervised. To the extent that Plaintiffs suggest a search of employee email accounts, no mailboxes are specified, and Defendant employs more than 2,000 individuals. Defendant does not have the capability to perform a search on 2,000+ mailboxes. Moreover, Defendant has no access to communications made via its employees' personal email accounts, text messages or other messaging services. Without waiving said objection, see attached CCBOE policy on Seclusion, bates stamped as CCBOE 003301-003302.

(ECF No. 199-1 at 9).

Plaintiffs initially agreed to limit this request to administrative employees and the following five search terms: seclude, seclusion, secluded, unattended, and unsupervised. (ECF No. 199 at 8). In response, CCBOE argues that it will still be overly burdensome to search for the information because there are 26 schools in the district, each with its own administrative staff, including principals, assistant principals, guidance counselors, directors, and secretaries; in total, there are approximately 167 administrative employees. (ECF No. 202 at 2-3). CCBOE claims that it would have to perform 835 separate searches using the terms provided. (*Id.* at 3). CCBOE also argues that the information is not relevant because there is no allegation that C.M. was left unsupervised or unattended. (*Id.*).

6

In reply, Plaintiffs agree to further restrict the parameters of the discovery request to the Board level and the principals, assistant principals, and directors at any Cabell County school. (ECF No. 205 at 4). Regarding relevance, Plaintiffs assert that in their twelfth supplemental production, it is stated that C.M. was left unattended in a desk barricade on September 2, 2022 while in Defendant Mastrangelo's classroom. (ECF No. 205 at 4).

Considering the above, Plaintiffs have established minimal relevance of the information sought. They identify only one example that C.M. was supposedly secluded. Therefore, this broad request of many schools and any type of seclusion is disproportionate to the needs of this case. The Court finds Plaintiffs' proposed limitations to be appropriate, but further restricts the request to administrative staff at HHS. The Court **ORDERS** CCBOE to respond to this request within **twenty-one (21) days** of the date of this Order as limited to documents prepared, sent to, or received in the past five (5) years by the Board members or HHS principal, assistant principal, or directors. The search terms shall include seclude, seclusion, secluded, unattended, and/or unsupervised. CCBOE may redact FERPA protected information in the materials produced.

### 3. Request No. 27

Produce all correspondence sent or received by any employee, agent, or representative of the Cabell County Board of Education, that uses one or more terms from each of the columns listed below:

| Column A | Column B |
|---|---|
| "Disability" or "disabled" OR "special needs" OR "exceptional needs" | "dog" OR "animal" OR "chain" OR "kennel" |
| "autism" | "frustrated" OR "impossible" |
| "special education" OR "special ed" | "these days" OR "good old days" "the old days" OR "segregate" |

| | "barricade" OR "seclude" OR "seclusion" |
|---|---|

**Response:** Objection. This Request seeks information which is neither relevant nor proportional to the needs of the case; and can only be intended as one that seeks the production of inadmissible 404(b) evidence. To the extent that Plaintiffs suggest a search of employee email accounts, no mailboxes are specified, and Defendant employs more than 2,000 individuals. Defendant does not have the capability to perform a search on 2,000+ mailboxes. Moreover, this Request is not limited in time or duration.

(ECF No. 199-1 at 12-13).

In the motion to compel, Plaintiffs clarified that the proposed search would include any term from "column A" paired with any term from "column B." (ECF No. 199 at 10 n.4). They further agreed to limit the request to administration at the Board level and principals, assistant principals, and directors at Cabell County schools. (ECF No. 205 at 4). Plaintiffs asserted that the requested information is relevant because aides in C.M.'s classroom made statements about putting children in backyard cages, that C.M. should be chained to a hook on the wall, and that C.M. should be left in the room by himself with a baby monitor. (*Id.*).

The Court finds that Plaintiffs have shown that the requested information is potentially relevant to their claims, but the breadth of the request is disproportionate to the needs of the case. The Court **ORDERS** CCBOE to respond to this request within **fourteen (14) days** of the date of this Order as limited to correspondence sent or received by the Board members or HHS principal, assistant principal, or directors within the past five (5) years. CCBOE may redact FERPA protected information.

For the above reasons, the motion is **GRANTED**, in part, and **DENIED**, in part. CCBOE shall provide all of the above-ordered responses and supplementation within the time frames set forth above.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** August 6, 2024

Cheryl A. Eifert
United States Magistrate Judge